IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DERRICK COCHRAN** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | **CIVIL ACTION: 7:13-CV-0157-HL** |
| **JUDGE JIM HARDY** | : | |
| | : | |
| Defendant | : | |

## ORDER

Plaintiff Derrick Cochran, a state prisoner currently confined at the Thomas County Jail in Thomasville, Georgia, has filed a *pro se* civil rights complaint in this Court.  Plaintiff did not pay this Court's required filing fee, but has instead moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has a filed several civil cases in federal court and that more than three of those were dismissed and count as "strikes" under section 1915(g): See Cochran v Prine, No. 7:12-CV-126 (M.D. Ga. 2012); Cochran v Prine, No. 7:12-CV-116 (M.D. Ga. 2012); Cochran v Schwock, No. 7:12-CV-106 (M.D. Ga. 2012); Cochran v Seary, No. 7:12-CV-102 (M.D. Ga. 2012); Cochran v Watkins, No. 7:07-CV-144 (M.D. Ga. 2007); Cochran v Prine, No. 6:07-CV-16 (M.D. Ga. 2007).

Because of these dismissals, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).  To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff has not alleged the existence of any such danger in his Complaint (ECF No. 1).

Even if Plaintiff could proceed *in forma pauperis*, the Court also finds that his Complaint is frivolous.  Plaintiff has sued a judge for judicial acts done within the jurisdiction of his court and requests that his sentence be terminated.  State judges are absolutely immune from suit under these circumstances.  See Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Wahl v. McIver, 773 F.2d 1169 (11 Cir. 1985). Release from jail is also not a remedy available in a 42 U.S.C. § 1983 action.  Preiser v. Rodriquez, 411 U.S. 475, 488-490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

For these reasons, Plaintiff's Complaint shall be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 10th day of December, 2013.

*s/ Hugh Lawson*  
HUGH LAWSON, JUDGE  
UNITED STATES DISTRICT COURT

jlr